**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------X

MICHELLE BARTH,

*Plaintiff,*

-against-

UNITED STATES OF AMERICA,

*Defendant.*

------------------------------------------------X

**FILED**
**CLERK**

**6/10/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**OPINION**
**AND ORDER**

22-cv-01155 (JMW)

Sal A. Spano, Esq.
Kara Michelle Rosen, Esq.
**Edelman Krason & Jaye PLLC**
7001 Brush Hollow Rd
Suite 100
Westbury, NY 11590
*Attorneys for Plaintiff*

Robert W. Schumacher, II, Esq.
**U.S. Attorney's Office**
**Eastern District of New York**
Eastern District Of New York
610 Federal Plaza
Central Islip, NY 11722
*Attorney for Defendant*

**WICKS**, Magistrate Judge:

Michelle Barth ("Plaintiff") commenced this action against Defendant, United States of America ("Defendant") under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §2671 *et. seq.*, and § 1346(b)(1), alleging personal injuries and negligence caused by the Defendant stemming from an April 26, 2020 motor vehicle accident involving Plaintiff and a United States Postal

1

Service ("USPS") vehicle. (*See generally*, ECF No. 1.) On September 29, 2025, Hon. Nusrat J. Choudhury issued an Opinion and Order on Defendant's Motion to Preclude the Expert Testimony of Dr. David J. Weissberg ("Dr. Weissberg" or "Weissberg"), which dealt with the issue of causation. (ECF No. 40.) Defendant in that motion also sought "to strike Barth's submission of a new affirmation and report from Weissberg, which were submitted in opposition to the Motion to Preclude." (*Id.* at 1.) Judge Choudhury concluded,

> the Weissberg Report and paragraphs 10 through 17 of the Weissberg Affirmation are struck, and the government's Motion to Preclude is granted in its entirety. Barth is precluded from offering testimony from Weissberg on the cause of her injuries and Weissberg may only offer testimony at trial on subjects within his personal knowledge developed during his treatment of Barth, including the nature and scope of Barth's injuries and his treatment for those injuries.

(*Id.* at 1-2.)

Following unsuccessful settlement discussions, the parties filed pre-motion conference letters to commence summary judgment motion practice and consented to the undersigned for all purposes. (*See* Electronic Order dated 12/18/2025; ECF Nos. 45-49.) Now before the Court is Defendant's Motion for Summary Judgment (ECF Nos. 53-1-53-4, 53-8, 54-55), with Defendant claiming that the Daubert ruling issued by Judge Choudhury was the death knell to Plaintiff's claims. Plaintiff opposed (ECF No. 53-5-53-7). Oral argument on the motion was held on June 9, 2026. (*See* Electronic Order dated 6/9/2026.) For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 53) is **GRANTED**.

## FACTUAL BACKGROUND

The following facts are taken from the parties' Local Rule 56.1 statements and corresponding responses and are uncontested unless otherwise noted.[1] On April 26, 2020, at

---

[1] The facts set forth above are taken from the parties' respective Rule 56.1 statements and corresponding responses. *See* ECF Nos. 53-3 (Defendant's 56.1 statement), and 53-7 (Plaintiff's responses to Defendant's 56.1 statement).

approximately 1:30 p.m., a motor vehicle accident occurred involving two vehicles on Ruth Boulevard in Smithtown, New York, which is the basis for Plaintiff's personal injury claim (the "April 2020 Accident"). (ECF No. 53-3 at ¶¶ 1-2.) "A United States Postal Service ("USPS") letter carrier was operating a USPS mail truck ("LLV") at the time." (*Id.* at ¶ 3.) Plaintiff alleges that she sustained injuries when "the front passenger side corner of her vehicle came into contact with the left side door of the LLV when the latter, which was on the side of the road, suddenly pulled out in front of Plaintiff's vehicle while attempting to make a U-turn." (*Id.* at ¶ 4.) Plaintiff was driving about fifteen miles per hour during this time, no airbags were deployed, and Plaintiff was able to exit the vehicle "under her own power." (*Id.* at ¶¶ 5-6.) The police were called and responded reporting no injuries and no ambulance was called (*id.* at ¶ 7), after which Plaintiff drove away. (*Id.* at ¶ 8.) "Plaintiff claims that she suffered compensable serious injuries (as defined in New York Ins. Law § 5102(d)), because the April 2020 Accident allegedly caused injuries to her left and right shoulders (necessitating, *inter alia*, surgeries on May 3, 2021 (left) and September 10, 2021 (right)), cervical, thoracic and lumbar spines, pelvis, both hips (possibly

---

Unless otherwise noted, a standalone citation to a party's Rule 56.1 statement means that the Court has deemed the underlying factual allegation undisputed. Any citation to a Rule 56.1 statement incorporates by reference the documents cited therein. Where relevant, however, the Court may also cite directly to an underlying document. The Court has deemed true undisputed facts averred in a party's Rule 56.1 statement to which the opposing party cites no admissible evidence in rebuttal. *See Stewart v. Fashion Inst. of Tech.*, No. 18-CV-12297 (LJL), 2020 WL 6712267, at *8 (S.D.N.Y. Nov. 16, 2020) ("'[P]ursuant to Local Civil Rule 56.1 [the movant's] statements are deemed to be admitted where [the non-moving party] has failed to specifically controvert them with citations to the record.'") (quoting *Knight v. N.Y.C. Hous. Auth.*, No. 03-CV-2746 (DAB), 2007 WL 313435, at *1 (S.D.N.Y. Feb. 2, 2007)); *Lumbermens Mut. Cas. Co. v. Dinow*, No. 06-CV-3881 (TCP), 2012 WL 4498827, at *2 n.2 (E.D.N.Y. Sept. 28, 2012) ("Local Rule 56.1 requires . . . that disputed facts be *specifically* controverted by admissible evidence. Mere denial of an opposing party's statement or denial by general reference to an exhibit or affidavit does not specifically controvert anything."). "Additionally, to the extent [a party's] 56.1 statement 'improperly interjects arguments and/or immaterial facts in response to facts asserted by [the opposing party] without specifically controverting those facts,' the Court has disregarded [such] statements." *McFarlane v. Harry's Nurses Registry*, No. 17-CV-06350 (PKC) (PK), 2020 WL 1643781, at *1 n.1 (E.D.N.Y. Apr. 2, 2020).

3

necessitating surgery for left hip repair), left knee, left foot, right wrist, right elbow and forearm, and ribs." (*Id.* at ¶ 9.) Plaintiff also alleges the April 2020 Accident "caused her to suffer permanent painful symptoms, including, *inter alia*, chest/rib pain, difficulty ambulating, sleeping difficulty, weight gain, swelling, stiffness, numbness, loss of sensation, diminished strength, diminished sensation, muscle spasms, loss of range of motion, loss of mobility, arthritis, loss of ability to perform activities of daily living and continuing incapacity from employment." (*Id.* at ¶ 10.)

However, years earlier in September of 2002, Plaintiff was involved in another car accident in Babylon, New York, where Plaintiff was in the front passenger seat and was "'T-boned' on the 'passenger back of the van,' which almost tipped over." (*Id.* at ¶¶ 11-12.) As a result, an insurance claim was submitted based on Plaintiff's injuries, which included "sprain/strain right wrist pain" and "right shoulder pain." (*Id.* at ¶ 13.)  Then on August 13, 2013, "Plaintiff presented to Premier Care of Commack for treatment for injuries sustained when she was previously 'assaulted in the head.' Plaintiff presented for suture removal and complained of a 'residual headache.'" (*Id.* at ¶¶ 14-15.) The next year, on June 30, 2014, Plaintiff went to Premier Care of Commack for treatment after she was "thrown to the ground at [T]arget," "fell on her face" and complained of "pain in buttocks, shoulders, arms and neck." (*Id.* at ¶¶ 16-17.) "An evaluation of Plaintiff's skin revealed 'ecchymotic swollen and tender over right zygomatic arch. Small echymotic area over right shoulder small ecchymotic area over right hand,' [as well as] 'ecchymotic area over left side of hip' and, with regard to her Lumbar/Sacral Spine, 'paravertebral muscle spasm right side.'" (*Id.* at ¶¶ 18-19.) So, "Plaintiff was diagnosed with a facial contusion, back sprain and multiple contusions on her arm." (*Id.* at ¶ 20.) Then a few years later, on March 6, 2017, Plaintiff treated at CityMD at the Commack, New York location due to

4

pain she had in her left foot because she "fell down the stairs and [could not] walk on her foot and state[d] that there [wa]s a lump in the middle of her left foot." (*Id.* at ¶¶ 21-22.)  "After undergoing an X-Ray, Plaintiff was diagnosed with a left foot fracture." (*Id.* at ¶ 23.) Two days later, Plaintiff went to the Southside Hospital Emergency Room ("Southside") due to left foot pain, where film was taken, and she was diagnosed with a "transverse fracture base of fifth metatarsal bone." (*Id.* at ¶¶ 24-25.)

After the April 2020 Accident, Plaintiff's first medical treatment was six weeks later on June 1, 2020 at CityMD, where she complained of upper back pain only.  (*Id.* at ¶¶ 27-29.) "[N]o issues were reported from a full examination of Plaintiff's systems: including her cervical spine, hands, wrists, elbows, shoulders, and lumbar/sacral spine. Plaintiff was diagnosed with a back/muscle strain and prescribed an anti-inflammatory." (*Id.* at ¶¶ 30-31.) "Plaintiff abused drugs between 2007 and 2014, and again beginning in 2021 until she underwent treatment in April 2023." (*Id.* at ¶ 32.) From the years 2017 through 2022, Plaintiff took methadone daily, as well as "zolpidem tartrate, dextroamp-amphetamin, clonazepam, and alprazolam." (*Id.* at ¶ 33.)

On February 5, 2022, Plaintiff was escorted by the police to St. Catherine of Siena Hospital's Emergency Room ("St. Catherine") for treatment as a result of her parents calling the police because she was "not acting right". (*Id.* at ¶ 34.) There, Plaintiff reported pain to her left wrist from the handcuffs while "[t]rack marks from intravenous injections and bruising were noted on Plaintiff's hands and antecubitals." (*Id.* at ¶¶ 35-36.) "Plaintiff refused treatment for 'sepsis with FUO and increasing lactic acid.'" (*Id.* at ¶ 37.) Less than a month later on March 2, 2022, Plaintiff was treated at Southside "after she was found unconscious in a hotel lobby with a bag of needles next to her; Plaintiff indicated she may have had a seizure and it is noted that she was recently diagnosed with a history of seizures." (*Id.* at ¶ 38.) It was noted however, Plaintiff

"presents to the ED for reported seizure vs syncope with stigmata of IVDA." (*Id.* at ¶ 39.) On August 7, 2022, Plaintiff was brought to the St. Catherine's again after she had an overdose, seizure and lost consciousness. (*Id.* at ¶ 40.) On January 13, 2023, Plaintiff was treated at St. Catherine's for another drug overdose. (*Id.* at ¶ 41.) On August 16, 2022, Plaintiff, while being a passenger, was in another car accident on the highway in Smithtown, New York, when the vehicle struck a tree. (*Id.* at ¶ 42.) Plaintiff and the driver were injured and went to Southside by ambulance transport. (*Id.* at ¶ 43.) Plaintiff stated that she smashed her face and broke her sinus cavity. (*Id.* at ¶ 44.) An insurance claim was submitted for her neck, back and facial injuries. (*Id.* at ¶¶ 45-46.) "To prove her claim, Plaintiff identified one physician for trial—Dr. Weissberg, an orthopedic surgeon who treated Plaintiff beginning over three months after the April 26, 2020 Accident." (*Id.* at ¶ 49.) "By opinion dated September 29, 2025, [this] Court granted Defendant's motion to preclude, holding, *inter alia*, that '[Dr.] Weissberg may not testify as to the cause of Barth's injuries' and may only testify 'on issues unrelated to causation that arise out of his treatment of Barth.'" (*Id.* at ¶ 50.) Plaintiff disputes the above characterization of this Court's Opinion. "Dr. Weissberg is still permitted to testify on subjects within his personal knowledge developed during his treatment of Plaintiff, including the nature and scope of Plaintiff's injuries and his treatment for those injuries." (*Id.*)  "Further, as to causation, Defendant's expert physician, Dr. [] Patterson, reviewed Plaintiff's medical records and performed an independent medical examination of Plaintiff, and concluded that Plaintiff's injuries were caused by the subject accident." (*Id.*) Specifically, Dr. Patterson concluded that "based on the injury mechanism and medical documentation provided, the motor vehicle accident on April 26, 2020, did cause short-term low-grade musculoskeletal injuries." (ECF No. 53-5, Exhibit A at 8.) Dr. Patterson continued stating "it is atypical for a patient that reports such extensive and severe

complaints that affected her to have waited five weeks to seek any diagnosis or treatment, … she does also have a documented history of a prior left foot injury and it is possible that the MRI findings may therefore be pre-existing, … [and it] is possible this small, non-displaced labral injury might have been pre-existing to this accident from being pregnant or her other motor vehicle accidents and remained asymptomatic." (*Id.* at 8-9.)

## THE LEGAL FRAMEWORK

The movant on a summary judgment motion must demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Radwan v. Manuel*, 55 F.4th 101, 113 (2d Cir. 2022).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden is on the movant to demonstrate the absence of a genuine issue of material fact, which can be met by pointing to a lack of evidence supporting the nonmovant's claim. *Celotex Corp. v. Catrett¸* 477 U.S. 317, 323, 325 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).  Once the movant meets its initial burden, the burden shifts and the nonmovant may defeat the motion only by adducing evidence of specific facts that raise a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York¸* 316 F.3d 93, 100 (2d Cir. 2002). The burden on summary judgment is considered a procedural issue and therefore the Federal Rules apply. Thus, unlike state court where the burden is on the movant, "Defendant need not make any affirmative *prima facie* showing on this motion for summary judgment, and may discharge its burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Vasquez v. United States*, No.

7

14-CV-1510 (DF), 2016 WL 315879, at *5 (S.D.N.Y. Jan. 15, 2016) (internal citations omitted) (emphasis in original).

"The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts." *Sosa v. New York City Dep't of Educ.*, 406 F. Supp. 3d 266, 268 (E.D.N.Y. 2019) (internal citations omitted). The role of the court at the summary judgment phase is not to *resolve* disputed issues of fact but only undertake an analysis to *identify* whether triable issues of fact exist. *See Kee v. City of New York*, 12 F.4th 150, 167 (2d Cir. 2021). That is, the court's function is "issue-finding," not "issue-resolution." *Carolina Cas. Ins. Co. v. Cap. Trucking Inc.*, 523 F. Supp.3d 661, 668 (S.D.N.Y. 2021) (citing *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d. Cir. 1994)). *Au fond*, the court's role is to decide whether, "after resolving all ambiguities and drawing all inferences in favor of the nonmovant, a reasonable jury could return a verdict for the nonmovant." *Miller v. N.Y. State Police*, No. 20-3976, 2022 WL 1133010, at *1 (2d Cir. Apr. 18, 2022) (citing *Anderson*, 477 U.S. at 248 and *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127, 129 (2d Cir. 2013)).

It is within this framework that the motion for summary judgment is considered.

## DISCUSSION

"The FTCA waives the Government's sovereign immunity for state law personal injury claims involving the negligence of its employees." *Moore v. United States*, No. 21-CV-4971 (RER) (PK), 2026 WL 546856, at *17 (E.D.N.Y. Feb. 9, 2026); *see also Orelus v. United States*, No. 23-CV-2451 (JMA)(SIL), 2025 WL 2933026, at *6 (E.D.N.Y. Aug. 13, 2025), *report and recommendation adopted*, No. 23-CV-02451 (JMA) (SIL), 2025 WL 2630039 (E.D.N.Y. Sept. 12, 2025) (discussing federal government immunity and exceptions under FTCA). "Actions sued

8

under the FTCA are to be decided 'in accordance with the law of the place where the act or omission occurred.'" *Haust v. United States*, 953 F. Supp. 2d 353, 358 (N.D.N.Y. 2013). "The application of § 1346(b)(1) is that '[t]he liability of the federal government under the FTCA is generally determined by state law.'" *Id.* (quoting *Taylor v. United States,* 121 F.3d 86, 89 (2d Cir.1997) ("The liability of the federal government under the FTCA is generally determined by state law.")). Here, the accident occurred in New York, and as such, New York state law applies. Having determined that New York law applies, the Court analyzes whether Defendant is entitled to summary judgment.

Defendant moves for summary judgment on the ground that Plaintiff cannot establish the causation element of her claim and thus, summary judgment should be granted. (ECF No. 53-2 at 2.)

### I.        *Has Plaintiff Established Causation through Nonconclusory Expert Evidence?*

Under New York law, the following elements must be met to be successful on a negligence claim: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Akins v. Glens Falls City Sch. Dist.*, 424 N.E.2d 531, 535 (N.Y. 1981); *M. P. v. Wilson*, No. 2025–04292, 2026 WL 886278, at *1 (N.Y. App. Div. 2d Dep't Apr. 1, 2026) (same); *Dooley v. United States*, 83 F.4th 156, 162 (2d Cir. 2023) (same). These elements "must [be] establish[ed] by a preponderance of the evidence." *Salahuddin v. United States*, 564 F. Supp. 3d 75, 86 (E.D.N.Y. 2021). The last element, namely, causation is the basis of Defendant's argument based on Judge Choudhury ruling that Plaintiff "is precluded from offering testimony from [her treating physician and medical expert], [Dr.] Weissberg on the cause of her injuries and Weissberg may only offer testimony at trial on

9

subjects within his personal knowledge developed during his treatment of Barth, including the nature and scope of Barth's injuries and his treatment for those injuries." (ECF No. 40 at 1-2.) At bottom, without medical testimony on causation, Defendant persists Plaintiff has failed to sustain her burden of proof.

Expert testimony is essential in determining causation and whether there are issues of fact that should be left for trial. *See Rambarrat v. United States*, 227 F. App'x 82, 83 (2d Cir. 2007) (citing *Carter v. Full Serv., Inc.,* 815 N.Y.S.2d 41, 43 (N.Y. App. Div. 1st Dep't 2006) ("Under New York's no-fault law, a plaintiff can recover non-economic losses related to an injury sustained in a motor vehicle accident only if he can "present competent, nonconclusory expert evidence sufficient to support a finding, not only that the alleged injury is 'serious' within the meaning of Insurance Law § 5102(d), but also that the injury was proximately caused by the accident at issue.")); *see also Oliver v. New York City Transit Auth.*, 947 N.Y.S.2d 173, 174 (N.Y. App. Div. 2d Dep't 2012) (citing *Carter*, 815 N.Y.S.2d 41) (same).

Here, absent testimony as to causation from Dr. Weissberg, the Court is limited to accept that of Defendant's expert, Dr. Diana C. Patterson ("Dr. Patterson"). Defendant's expert opined, *inter alia* that,

> [i]t is my medical opinion, based on the injury mechanism and medical documentation provided, the motor vehicle accident on April 26, 2020, did cause short-term low-grade musculoskeletal injuries. *However, it is atypical for a patient that reports such extensive and severe complaints that affected her to have waited five weeks to seek any diagnosis or treatment.* COVID was in an initial phase throughout the country, but at the time of the accident, all emergency rooms and many urgent cares and physician offices were open and treating patients as safely as possible. Additionally, on her first visit to CityMD she only reported pain in a single area, her upper back, and in none of the other areas that she reported later.

> \*\*\*

> In addition, she does also have a documented history of a *prior left foot injury* and it is possible that the MRI findings may *therefore be pre-existing*.

10

*\*\**

> It is possible this small, non-displaced labral injury might have been *pre-existing* to this accident *from being pregnant or her other motor vehicle accidents* and remained asymptomatic.

(ECF No. 53-5 at 8-9) (emphasis added).

> New York law requires that plaintiffs … demonstrate that the accident at issue was the cause of the injury. If a defendant moves for summary judgment on the grounds that an accident did not cause the serious injuries in question, that defendant must supply persuasive evidence that the injuries were caused by something else. If the defendant can do so, the burden shifts to the plaintiff, who must come forward with evidence addressing defendant's claimed lack of causation.

*Wirt v. United States*, 732 F. App'x 32, 34–35 (2d Cir. 2018) (internal citations and quotation marks omitted).

Simply put, "[i]f the Defendant meets its burden, the burden shifts to the Plaintiff to 'come forward with evidence addressing the defendant's claimed lack of causation.' If the Plaintiff fails to provide such evidence, the Defendant is entitled to summary judgment." *Evans v. United States*, 978 F. Supp. 2d 148, 164 (E.D.N.Y. 2013) (internal citations omitted); *Pommells v. Perez*, 830 N.E.2d 278, 287 (2005) (same).

Plaintiff admittedly has not proffered any expert testimony as to causation, there are no issues of fact as to causation. While Plaintiff argues summary judgment should be denied as Dr. Patterson concluded that Plaintiff's injuries are casually linked to the April 2020 Accident, Plaintiff takes one line from the expert report and not the entirety which shows otherwise. (ECF No. 53-6 at 7.) As outlined above, Dr. Patterson concluded that short-term low-grade injuries were caused by the accident and then outlined that many of her injuries were likely linked to her pre-existing conditions, or prior accidents.

Indeed, Defendant relies on *Johnson v. United States*, where the Court precluded the plaintiff's only medical expert. No. 21-CV-2851 (MKB), 2024 WL 1246503, at *5 (E.D.N.Y.

11

Jan. 16, 2024). Like here, the preclusion only related to "those parts of [the Doctor's] report and proposed testimony that relate to whether Plaintiff's injuries were caused by the Accident…." *Id.* at *6. Upon review of the defendant's "persuasive evidence", Chief Judge Margo Brodie found that the injuries plaintiff had were not caused by the accident and as plaintiff's only expert was precluded from testifying as to causation, defendant had met its burden. *Id.* at *12. Thus, summary judgment was granted in defendant's favor. *Id.* at *12-13. The circumstances here lead to the same conclusion. *See Conde v. United States*, No. 19-CV-8506 (NRB), 2021 WL 3604701, at *5 (S.D.N.Y. Aug. 13, 2021) (granting the defendant's summary judgment) ("Ultimately, we agree with the Government that plaintiff has not introduced evidence raising a triable issue of fact with respect to causation and that the testimony of Dr. McMahon should be excluded.")

Accordingly, Plaintiff has not met her burden that the April 2020 Accident caused her injuries.

## II.    *Assuming Plaintiff Established Issues of Fact, Were the Alleged Serious Injuries Caused by the April 2020 Accident or Other Pre-Existing Conditions?*

Even if Plaintiff had met her burden of establishing at least issues of fact as to proximate cause – which she has not – Defendant introduced evidence of preexisting conditions as well as prior accidents thereby shifting the burden to Plaintiff to prove that the April 2020 Accident caused her serious personal injuries and not anything else. *See Johnson*, 2024 WL 1246503, at *5 (explaining the burden shifting process). It is undisputed that Plaintiff has had both pre- and post-injuries or other conditions stemming as far back as 2002 (*see* ECF No. 53-7 at ¶¶ 11-13) leading up to 2022, only four years ago (*see id.* at ¶¶ 34-46).

The burden rests with plaintiff to show that the preexisting conditions were not the cause of the injury rather than the accident at issue. *See Lagois v. Pub. Adm'r of Suffolk Cnty.*, 760 N.Y.S.2d 52, 53 (N.Y. App. Div. 2d Dep't 2003) (internal citation omitted) ("In the absence of

12

an explanation by the plaintiff's expert as to the significance of the pre-existing conditions and degenerative findings, it would be sheer speculation to conclude that the accident of December 28, 1997, was the cause of the plaintiff's injuries."); *Moore v. Maley*, 242 N.Y.S.3d 594, 598 (N.Y. App. Div. 1st Dep't 2025) ("To meet his burden, the plaintiff must address the evidence of preexisting conditions 'and explain why [his] current reported symptoms [are] not related to the preexisting conditions' or how the accident aggravated his underlying degenerative conditions.").

In both the motion papers and at oral argument, Plaintiff did not "come forward with evidence addressing [D]efendant's claim[] [of] lack of causation." *Johnson* , 2024 WL 1246503, at \*11. Rather, Plaintiff relies solely on Dr. Patterson's single statement disregarding the balance of the report and without any medical support.

Therefore, Plaintiff has failed to establish that the April 2020 Accident caused her serious personal injuries and that her injuries were not due to her other, many incidents.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 53) is **GRANTED**. The Clerk of the Court is respectfully directed to enter judgment in favor of Defendant and close the case.

Dated:  Central Islip, New York.
        June 10, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

13